David MILLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee (two cases).

Court of Appeals of Kentucky.

June 14, 1974.

Alton D. Priddy, Francis E. Bauman and Rudolph V. Binus, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

David Miller was indicted by an Oldham County Grand Jury on two separate offenses of escaping from the Kentucky

State Reformatory in violation of KRS 432.390. When the cases came on for trial in the Oldham Circuit Court, Miller, with advice of counsel, voluntarily entered guilty pleas to the charges contained in each of the indictments. The trial court sentenced him to confinement in the state penitentiary for a term of three years on each charge and directed that the sentences imposed be served consecutively. Miller appeals from the judgments and sentences imposed, alleging as the sole basis of appeal, error by the trial court in overruling his motion to present the affirmative defense of compulsion and coercion.

On each occasion that Miller escaped from custody, he was serving a sentence under judgment of the Boyle Circuit Court rendered in December 1971 for the crime of breaking and entering.

Miller's first escape occurred on January 20, 1972, while he was a patient in the General Hospital in Louisville, Kentucky. He was subsequently apprehended and on arraignment, entered a plea of not guilty of the offense of escape under KRS 432.-390, and trial was scheduled for the September term, 1972, of the Oldham Circuit Court.

Prior to the September term for which trial was scheduled, Miller again escaped from custody and a second indictment was returned charging him with the offense of escape. KRS 432.390.

Trial on both indictments was scheduled in the Oldham Circuit Court on October 3, 1973. Prior to trial, counsel for Miller presented a motion to the Oldham Circuit Court seeking permission to present to the jury the defense of compulsion and coercion as legal justification for both escapes.

The trial court overruled that motion but permitted Miller to preserve such evidence for appellate review by way of avowal under the provisions of RCr 9.52. Before the trial began, counsel for Miller notified the trial court that Miller desired to change his plea of not guilty on both indictments to guilty and informed the court that Miller would accept the recommendation of the Commonwealth's Attorney that he be confined in the Kentucky State Reformatory for a term of three years on each charge and that the sentences were to be served consecutively.

The trial court in accepting Miller's guilty pleas on each charge of escape, was very thorough in determining the voluntariness of each plea. The trial court also patiently advised Miller of his rights with respect to the entry of each of the guilty pleas. Miller, at the time he entered a guilty plea to each of the charges of escape, had the assistance of three attorneys.

After the entry of the pleas, counsel for Miller made a motion for probation. The trial court took the matter under advisement and submitted the request to the probation and parole officer.

Thereafter the trial court conducted a hearing at which Miller and others testified by avowal with regard to his claim of compulsion and coercion, and that the Commonwealth failed to provide him a safe place of confinement. We are not concerned with whether or not the evidence supported his claim, because it is our opinion that Miller waived his right to make the defense by voluntarily entering pleas of guilty to the charges contained in each of the indictments with the advice of counsel, and by raising no question as to the voluntariness of the pleas at the time of their entry.

The judgment is affirmed.

All concur.